**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Case No.   22-cr-33 (CRC)** |
| | **:** | |
| **RALPH MICHAEL KARAU** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

**I.      Summary of the Plea Agreement**

Defendant Ralph Michael Karau ("the defendant") agrees to admit guilt and enter a plea of guilty to Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712, which is charged in Count 1 of the Information.

**II.     Elements of the Offense**

The essential elements of the offense of Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712, each of which the Government must prove beyond a reasonable doubt, are:

1.      that the defendant was engaged in the course of collecting or aiding the collection of private debts or obligations, or engaged in a private investigation;

2.      that while engaged in that conduct used or employed a communication or correspondence; and

3.      that in the communication or correspondence the defendant used the words "United States" or any emblem or insignia of the United States for the purpose of conveying the false impression that such communication is from a department, agency, bureau,

1

or instrumentality of the United States or in any manner represents the United States.

**III.**   **Penalties for the Offense**

The penalty for Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712, is as follows:

1.    a maximum term of imprisonment not greater than one year;

2.    a fine not to exceed $100,000;

3.    a term of supervised release of not more than one year, after any period of incarceration; and

4.    a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

**IV.**   **Statement of the Facts**

The following proffer of evidence is intended to provide the necessary factual predicate for the guilty plea in this case, rather than a complete statement of all the facts known by the parties. Had this case gone to trial, the Government's evidence would prove the following:

In the summer of 2018, Mr. Anthony Madiot and Mrs. Alexandra Madiot ("the Madiots"), French nationals living in southern France, hired the defendant's daughter as an au pair to provide childcare services to the children of the Madiots. The defendant's daughter lived with the Madiots in France until the summer of 2019, when she returned home to the United States. Upon return to the United States, the defendant's daughter alleged that she was mistreated by the Madiot family,

and complained of this alleged mistreatment to her parents, the defendant and his wife, Kathleen Karau, of Alexandria, Virginia.

After hearing of these complaints from their daughter, the defendant and his wife together created a fraudulent letter to send to the Madiots in October 2019. The defendant and his wife created the fraudulent letter using an official seal of U.S. Department of State in order to give the letter an appearance of legitimacy. Additionally, the defendant and his wife created a fictitious persona to serve as the author of the fraudulent letter: "Karl Wilkinson, Deputy Chief, International Investigations Unit."

In the letter, the defendant and his wife, writing through the fictitious persona, informed the Madiots that the Karau family had submitted a "formal complaint" against the Madiots to the U.S. Department of State, and that the Madiots potentially committed criminal offenses for the alleged mistreatment of the Karau's daughter. The letter stated further that the Madiots could be denied entry to the United States for their alleged conduct, since the Madiots would be subjects of an "ongoing investigation." Finally, the letter implied that a "financial settlement" paid to the Karau's daughter would be in the best interest of the Madiots.

Once Ralph Karau and Kathleen Karau drafted the fraudulent letter, they used the U.S. Postal Service to send the letter internationally on October 4, 2019, from Washington, D.C. The letter was sent intentionally from the District of Columbia so that it would be postmarked where the U.S. Department of State is located to add an additional layer of legitimacy to the letter. The U.S. Department of State did not know of this fraudulent letter and did not authorize its drafting or the use of its official seal in the letter.

Soon after Karaus mailed the letter, the Madiots received the letter at their home in France. When they read the letter, the Madiots believed the letter came from the United States Government

and were deeply concerned for any legal or other consequences they might face. The Madiots contacted the French Embassy in Washington, D.C. for guidance. The French Embassy in the United States then contacted the U.S. Embassy in Paris, after which the matter was referred to U.S. law enforcement. The Madiots did not send any money or anything else of value in response to the letter after speaking with law enforcement.

At the time the letter was drafted by the defendant and his wife and then sent to the Madiots, the defendant was employed by the U.S. Department of Homeland Security as a Senior Advisor to the Director of Real Property and held a TS/SCI clearance. A forensic investigation of the defendant's government devices showed that the defendant used his government devices to assist in preparing the letter that was sent to the Madiots.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: _____
Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
555 4th Street, N.W., Room 4124
Washington, D.C. 20530
202-252-6685
Christopher.Berridge@usdoj.gov

4

**DEFENDANT'S ACKNOWLEDGMENT**

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712. I have discussed this Statement of Offense fully with my attorney, Stuart Sears. I fully understand this Statement of Offense and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Date: 01.21.2022

Ralph Michael Karau
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting the Statement of Offense related to my client's guilty plea to one count of Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712. I have reviewed the entire Statement of Offense with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this Statement of Offense.

Date: 1/21/22

Stuart A. Sears, Esq.
Attorney for Defendant

5